# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FOX MOVING & STORAGE OF TENNESSEE, LLC ) ) ) Plaintiff, ) ) v. ) ) FOX MOVING & STORAGE ) ) Defendant. ) ) | Docket No. _____ Jury Demanded |

## COMPLAINT

Fox Moving and Storage of Tennessee, LLC ("Tennessee Fox" or "Plaintiff") by and through its undersigned attorneys, asserts the following as its claims against Fox Moving & Storage ("California Fox" or "Defendant").

### PARTIES, JURISDICTION & VENUE

1. This is an action to redress California Fox's infringement of Tennessee Fox's trademark and unfair competition in violation of federal and Tennessee law.

2. Plaintiff, Tennessee Fox, is a Tennessee limited liability corporation with a primary place of business in Nashville, Tennessee.

3. Upon information and belief, Defendant California Fox is a California corporation with a primary place of business at 22048 Sherman Way, Suite 115, Canoga Park, California 91303.

4. Upon information and belief, Defendant operates an alternate business location at 16060 Ventura Boulevard, Suite 110, Encino, California 91436.

5. The Court has jurisdiction over the subject matter of Tennessee Fox's claims for relief arising under the United States Trademark Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

§ 1338(a). The Court has original or supplemental jurisdiction over the subject matter of Tennessee Fox's claims for relief under Tennessee law pursuant to 28 U.S.C. §§ 1338(b) and 1367. In addition, the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are residents of different states and the amount at issue is more than $75,000.

6. The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant systematically transacts business in Tennessee and provides and markets its services to Tennessee consumers,[1] all while using the infringing marks at issue in this proceeding. Upon information and belief, Defendants have provided poor service to consumers either moving to or from Tennessee, such that the Mark at issue in this proceeding has been harmed in the State of Tennessee (and elsewhere). Defendant also has an interactive website that expressly allows the consumer to receive quotes or moving estimates for moves to or from Tennessee.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because, upon information and belief, a substantial portion of Defendant's actions as alleged herein are occurring in this district and are causing damage to Tennessee Fox's intellectual property rights in this district.

**FACTUAL BACKGROUND**

8. Tennessee Fox has systematically and continuously used the trademark FOX MOVING AND STORAGE (the "Mark") for commercial moving services and storage of furniture and household goods nationally since at least June 5, 2007.

---

[1] Defendant's website, www.foxmovingllc.com/about-us/html (attached as **Exhibit A**), states that it "provid[es] interstate moves to all 50 states."

9. Tennessee Fox has expended substantial time and financial resources in developing and promoting the Mark for nearly ten years and the Mark has achieved significant recognition and goodwill as a result.

10. Tennessee Fox owns a federally registered trademark for the Mark FOX MOVING AND STORAGE (Reg. No. 3615081) for "[m]oving services featuring trucks and laborers who pack, load, deliver and unload goods, namely, planning and implementing moves of homes, offices, condominiums and retirement homes in International Class 35 and "[s]torage of furniture and household goods" in International Class 39." The '081 Registration recites a date of first use anywhere and in interstate commerce at least as early as June 5, 2007. Tennessee Fox filed the trademark application on July 18, 2008, it was published for opposition on February 17, 2009 and it matured into a registration on May 5, 2009.

11. The '081 Registration is prima facie evidence of the validity of the Mark and of Tennessee Fox's exclusive right to use the Mark in commerce in connection with the described services. Further, a combined Declaration of Use & Incontestability under Sections 8 & 15 (15 U.S.C. § 1058 & 1065) has been filed on the Mark and accepted by the United States Patent and Trademark Office. Therefore, the Mark is incontestable.

12. Tennessee Fox offers moving and storage services all over the United States.

13. Upon information and believe, Defendant also offers moving and storage-related services using the identical mark FOX MOVING AND STORAGE.

14. Upon information and belief, Defendant began offering moving and storage-related services on or around 2009, years after Tennessee Fox had been using the Mark.

15. Defendant offers its services within the same channels of trade within which Tennessee Fox does business. For example, both companies market their moving and storage services to businesses and individuals moving to Tennessee and other states across the country.

3

16. Tennessee Fox is aware of several incidents of actual confusion by consumers and potential consumers of moving and storage services, who have confused the two entities. By way of one example only, Google Reviews, a website that provides information and customer reviews about companies, confused the two companies and incorrectly attributed negative reviews about Defendant to Tennessee Fox.

17. Further, Tennessee Fox has received inquiries by national and California news media outlets that were investigating and reporting upon the alleged deceptive trade practices of California Fox and mistakenly believed that Plaintiff was California Fox.

18. Upon information and belief, Defendant operates a website (www.foxmovingllc.com, see Ex. A) that features pictures of moving trucks and supplies and offers estimates to move and store goods. The website appears to be an "official" Fox Moving and Storage website intended to direct consumers to Defendant's business.

19. Defendant's website causes consumer confusion because Tennessee Fox's customers have mistakenly contacted Defendant after visiting Defendant's website because they thought the website was sponsored by or affiliated with Tennessee Fox.

20. After learning about Defendant's use of the Mark, Tennessee Fox sent a letter (attached as **Exhibit B**) to Defendant on July 27, 2016 to relay incidents of consumer confusion and demand that Defendant stop infringing the Mark and confusing moving and storage consumers and potential consumers.

21. Instead of stopping infringing the Mark, Defendant continues to use the Mark.

22. Services offered under Tennessee Fox's Mark have enjoyed tremendous commercial success and are viewed by customers and other members of the moving and storage industry as source identifiers for Tennessee. Tennessee Fox has extensively advertised the Mark in both print

4

and electronic form, with Tennessee Fox having spent substantial sums of money advertising and promoting the services offered under the Mark.

23. Defendant's use of the mark FOX MOVING AND STORAGE is confusingly similar to that of Tennessee Fox's FOX MOVING AND STORAGE Mark, such that when Defendant's mark is used in connection with Defendant's services, it so nearly resembles Tennessee Fox's Mark as to be likely to cause confusion, to cause mistake or to deceive. Consumers are likely to falsely believe that services of Defendant offered under Defendant's mark are sponsored, endorsed or approved by Tennessee Fox, or are affiliated, connected or associated with Tennessee Fox.

24. Because the parties are using identical marks, on extremely similar services in the moving and storage space, and in overlapping trading areas, confusion is not only likely, it is inevitable. In fact, actual confusion is already occurring.

25. Any defect, objection or fault found with any of Defendant's services offered under Tennessee Fox's Mark cause consumer confusion and injure the valuable reputation and goodwill Tennessee Fox has built up and established under its FOX MOVING AND STORAGE Mark.

**CLAIM ONE: TRADEMARK INFRINGEMENT IN VIOLATION OF FEDERAL LAW**

26. Tennessee Fox repeats and realleges the allegations in preceding paragraphs 1-25 as if fully set forth herein.

27. Defendant's unauthorized advertisement, promotion, display, offering for sale, sale and distribution of the Defendant's services bearing a trademark that is confusingly similar to Tennessee Fox's federally-registered FOX MOVING AND STORAGE Mark described above constitutes trademark infringement in violation of § 32(1) of the United States Trademark Act, 15 U.S.C. § 1114(1).

28. Defendant's use of Tennessee Fox's FOX MOVING AND STORAGE Mark is likely to confuse and mislead consumers and cause damage to Tennessee Fox's Mark and goodwill.

29. Defendant's willful and deliberate infringement of Tennessee Fox's federally-registered trademark as described above has caused and continues to cause irreparable harm to Tennessee Fox.

30. Unless restrained and enjoined by this Court, Defendant will persist in its infringement of Tennessee Fox's federally-registered trademark, thereby causing Tennessee Fox further irreparable harm.

31. Tennessee Fox has no adequate remedy at law.

**CLAIM TWO: UNFAIR COMPETITION IN VIOLATION OF FEDERAL LAW**

32. Tennessee Fox repeats and realleges the allegations in preceding paragraphs 1-31 as if fully set forth herein.

33. Defendant's unauthorized advertisement, promotion, display, offering for sale, sale and distribution of Defendant's goods and services bearing the Tennessee Fox's trademark or a mark that is confusingly similar thereto constitute the use in commerce, on or in connection with Defendant's goods, of words, terms, names, symbols or devices, or combinations thereof, and false designations of origin, and false or misleading descriptions or representations of fact, that are likely to cause confusion, cause mistake or deceive as to the affiliation, connection or association of Defendant with Plaintiff and/or as to the origin of Defendant's goods and commercial activities with, or their sponsorship or approval by Tennessee Fox, in violation of § 43(a)(1)(A) of the United States Trademark Act, 15 U.S.C. § 1125(a)(1)(A).

34. Defendant's use of Tennessee Fox's Mark is likely to confuse consumers and potential consumers of moving and storage services and give Defendant the advantage of Tennessee Fox's long-established excellent reputation in this field, when Defendant is not entitled to trade on Tennessee Fox's good will.

35. Defendant's willful and deliberate unfair competition as described above has caused and continues to cause irreparable harm to Tennessee Fox.

36. Unless restrained and enjoined by this Court, Defendant will persist in its unfair competition, thereby causing Tennessee Fox further irreparable harm.

37. Tennessee Fox has no adequate remedy at law.

## CLAIM THREE: TRADEMARK INFRINGEMENT & UNFAIR COMPETITION IN VIOLATION OF TENNESSEE LAW

38. Tennessee Fox repeats and realleges the allegations in preceding paragraphs 1-37 as if fully set forth herein.

39. This claim arises under Tennessee Code Annotated § 47-25-512 and the common law of Tennessee and is to remedy acts of trademark infringement, unfair competition and misappropriation.

40. By its actions as described herein, Defendant intends to pass off its goods as those offered by, approved by, sponsored by or affiliated with Tennessee Fox and is doing so in this district, by offering its services using the infringing trademark, as well as by other sales and marketing techniques targeting consumers in this district and elsewhere.

41. Defendant's unlawful activities constitute trademark infringement, unfair competition and misappropriation as proscribed by common law and statute in Tennessee.

42. Because of Defendant's unfair competition, Tennessee Fox has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

43. Tennessee Fox is entitled to any and all remedies available under Tennessee law for trademark infringement and unfair competition, including damages in an amount to be proved at trial, as well as preliminary and permanent injunctive relief.

44. Defendant's acts of trademark infringement, unfair competition and misappropriation have caused Tennessee Fox to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

45. Defendant has engaged and continues to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against it, in an amount to be determined at the time of trial.

46. Defendant's acts of trademark infringement, unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Tennessee Fox to sustain irreparable damage, loss and injury, for which Tennessee Fox has no adequate remedy at law.

## **CLAIM FOUR: DECEPTIVE TRADE PRACTICES IN VIOLATION OF TENNESSEE LAW**

47. Tennessee Fox repeats and realleges the allegations in preceding paragraphs 1-46 as if fully set forth herein.

48. Defendant has engaged and continues to engage in acts and practices that violate the prohibition against deceptive trade practices found at Tennessee Code Ann. §47-18-104 *et. seq.*

49. The use of Tennessee Fox's Mark by Defendant creates the unreasonable risk that consumers will conclude some affiliation, connection or association exists between and among Tennessee Fox and Defendant.

50. The natural and probable effect of Defendant's use of Tennessee Fox's Mark in the manner alleged is to enable Defendant to deceive and confuse the public.

51. Defendant's use of Tennessee Fox's Mark or a confusingly similar variation thereof in the manner alleged constitutes deceptive trade practices of the type prohibited by Tennessee Code Ann. §47-18-104 *et. seq.*

52. Defendant had actual and constructive knowledge of Tennessee Fox's rights when it deliberately continued to use Tennessee Fox's intellectual property in connection with marketing its goods and services, despite Tennessee Fox's request it stop using its Mark. Thus, Defendant willfully and deliberately infringed and continues to violate Tennessee Fox's rights.

53. Upon information and belief, Defendant's unfair business practices are recurring and are harmful to consumers, the public at large and to Tennessee Fox. These practices constitute unlawful, unfair, fraudulent and deceptive business practices and unfair, deceptive, untrue and misleading advertising. Unless enjoined by this Court, Defendant will continue these acts, thereby causing Tennessee Fox further immediate and irreparable damage.

54. Tennessee Fox is without an adequate remedy at law because Defendant's acts as set forth herein are causing great and irreparable damage to Tennessee Fox and will continue to damage Tennessee Fox unless enjoined by this Court.

## JURY DEMAND

55. Pursuant to Federal Rule of Civil Procedure 38, Tennessee Fox hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tennessee Fox prays for a judgment as follows:

1. That Defendant, and its respective officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with them, or any of them, who

receive actual notice of the injunctions requested herein by personal service or otherwise, be preliminarily and then permanently restrained and enjoined from:

    (a)    Producing, advertising, promoting, displaying, offering for sale, selling or distributing Defendant's goods or services bearing a mark that is confusingly similar to Tennessee Fox's FOX MOVING AND STORAGE Mark as described herein; and

    (b)    Doing any other act or thing that is likely to cause persons to believe that Defendant's goods or commercial activities originate with, or are licensed, sponsored or authorized by Tennessee Fox; and

    (c)    That Defendant be ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and to serve on counsel for Tennessee Fox, within 30 days after the entry of judgment herein, a written report under oath setting forth how it has complied with the injunction ordered by the Court; and

    2.    That Defendant be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court for destruction or other disposition all collateral, advertisements and promotional materials bearing a mark that is confusingly similar to Tennessee Fox's FOX MOVING AND STORAGE Mark as described herein, including all electronic files; and

    3.    That Defendant be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a) and Tennessee law, to pay to Tennessee Fox all of its profits from the sale of Defendant's goods and services bearing Tennessee Fox's Mark or a mark that is confusingly similar to Tennessee Fox's Mark, and that such profits be enhanced on the basis of Defendant's willful infringement of Tennessee Fox's Mark and willful unfair competition; and

    4.    That Defendant be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a) and Tennessee law, to pay to Plaintiff all damages sustained by Plaintiff as a result of its

infringement of Plaintiff's Marks and unfair competition, and that such award be enhanced on the basis of its willful infringement and willful unfair competition; and

5. That Defendant be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a), to pay to Tennessee Fox its attorneys' fees and the costs and expenses of this action; and

6. That Tennessee Fox be awarded pre-judgment and post-judgment interest; and

7. That Tennessee Fox be granted such other and further relief as the Court may deem just and proper.

Dated: September 16, 2016

Respectfully submitted,

/s/ Paige W. Mills

Paige Waldrop Mills (BPR# 016218)
Alison King Grippo (BPR# 029601)
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-0429
Email: pmills@bassberry.com
       agrippo@bassberry.com

*Attorneys for Plaintiff*